UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TERRELL ZEIGLER,

                              *Plaintiff*,

v.

ACTING COMMISSIONER ANTHONY J. ANNUCCI, LEROY FIELDS, STEPHEN URBANSKI, and AKINOLA AKINYOMBO,

                              *Defendants*.

No. 23-CV-707 (KMK)

ORDER OF DISMISSAL

KENNETH M. KARAS, United States District Judge:

    Plaintiff Terrell Zeigler ("Plaintiff"), proceeding pro se, commenced this Action on January 24, 2023, by filing a Complaint as to Akinola Akinyombo, Anthony J. Annucci, Leroy Fields, New York State Department of Corrections and Community Supervision ("DOCCS"), and Stephen Urbanski. (*See* Compl. (Dkt. No. 2).) On March 3, 2023, the Court issued an Order of Service dismissing Plaintiff's claims against Defendant DOCCS and directing the U.S. Marshals Service to execute service on the remaining Defendants. (Dkt. No. 7.) On September 20, 2024, the Court issued an Opinion and Order granting in part and denying in part Defendants' Motion to Dismiss. (Dkt. No. 28.) The Court dismissed without prejudice Plaintiff's claims against Defendants Annucci and Urbanski. (*Id.* at 31.) The Court then set a deadline of October 20, 2024, for Plaintiff to file an Amended Complaint and to serve Defendant Akinyombo. (*Id.* at 31). Plaintiff did not comply. (*See generally* Dkt.) On November 6, 2024, the Court again ordered Plaintiff to file an Amended Complaint and serve Defendant Akinyombo by November 26, 2024. (*See* Dkt. No. 30.) The Clerk of Court twice attempted to mail a copy of

the Court's November 6, 2024, Order to Plaintiff, but the mail was twice returned as undeliverable. (*See* Dkt., minute entries dated November 7, November 25, and December 5, 2024, and January 8, 2025.) On February 3, 2025, the Court issued Plaintiff an Order to Show Cause by no later than March 3, 2025, directing Plaintiff to explain why this Action should not be dismissed for failure to prosecute. (*See* Dkt. No. 31.) The Clerk also attempted to mail a copy of the Court's Order to Show Cause to Plaintiff, but the mail was returned as undeliverable. (*See* Dkt., minute entries dated February 4, 2025, and February 24, 2025.) Plaintiff was advised of his obligation to promptly notify the Court in the event his address changed and that failure to do so may result in dismissal of this Action. (*See* Dkt. No. 7 at 4 ("Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.").) To date, Plaintiff has not filed an Amended Complaint, informed the Court of a change of address, responded to the Order to Show Cause, or otherwise communicated with the Court since February 8, 2024. (*See generally* Dkt.)

This Court has authority to dismiss a case for failure to prosecute. *See* Fed. R. Civ. P. 41(b). Rule 41(b) of the Federal Rules of Civil Procedure provides that a case may be involuntarily dismissed if a plaintiff "fails to prosecute or to comply with these rules or a court order." *See id.* Although Rule 41(b) expressly addresses a situation in which a defendant moves to dismiss for failure to prosecute, it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)).

While dismissal under Rule 41(b) is subject to the sound discretion of the district courts, *see U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250–51 (2d Cir. 2004), the Second

Circuit has held that a Rule 41(b) dismissal is a "harsh remedy to be utilized only in extreme situations[,]" *see LeSane*, 239 F.3d at 209 (quotation marks omitted) (quoting *Theilmann v. Rutland Hosp., Inc.*, 455 F.2d 853, 855 (2d Cir. 1972)). However, it has also emphasized that the authority to invoke dismissal for failure to prosecute is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." *Scott v. Westchester Cnty.*, No. 19-CV-1879, 2020 WL 419313, at *1 (S.D.N.Y. Jan. 27, 2020) (quoting *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982)). While the Second Circuit has cautioned that "pro se plaintiffs should be granted special leniency regarding procedural matters[,]" *LeSane*, 239 F.3d at 209 (italics omitted) (citing *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)), courts in this district have recognized that ". . . even pro se litigants must prosecute claims diligently, and dismissal with prejudice is warranted where the Court gives warning[,]" *Jacobs v. Cnty. of Westchester*, No. 99-CV-4976, 2008 WL 199469, at *3 (S.D.N.Y. Jan. 22, 2008). Before exercising its discretionary authority to dismiss for failure to prosecute, a district court should consider the following factors:

> [1] the duration of the plaintiff's failures, [2] whether plaintiff had received notice that further delays would result in dismissal, [3] whether the defendant is likely to be prejudiced by further delay, [4] whether the district judge has take[n] care to strik[e] the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard . . . and [5] whether the judge has adequately assessed the efficacy of lesser sanctions.

*Wood v. City of N.Y.*, No. 05-CV-2894, 2007 WL 2049686, at *1 (S.D.N.Y. July 13, 2007) (alterations in original) (quotation marks omitted) (quoting *LeSane*, 239 F.3d at 209); *see also Hibbert v. Apfel*, No. 99-CV-4246, 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (same). No single factor is dispositive. *See Nita v. Conn. Dep't of Env't Prot.*, 16 F.3d 482, 485 (2d Cir. 1994).

The Court concludes that these factors weigh in favor of dismissal of Plaintiff's case. First, Plaintiff has failed to communicate with the Court for over a year, which is far longer than other courts have considered when dismissing a pro se plaintiff's case. *See Murray v. Doe*, No. 24-CV-5849, 2025 WL 623698, at *2 (S.D.N.Y. Feb. 26, 2025) (dismissing pursuant to Rule 41(b) after seven months of noncommunication from a pro se plaintiff); *Early v. Little Flower Child. & Fam. Serv. of N.Y.*, No. 23-CV-2531, 2025 WL 307138, at *1 (E.D.N.Y. Jan. 27, 2025) (finding that four months of noncommunication created a presumption that pro se plaintiff abandoned of the case); *Cutting v. Riveles Wahab LLP*, No. 23-CV-6040, 2024 WL 3833890, at *2 (S.D.N.Y. Aug. 14, 2024) (dismissing pro se plaintiff's case pursuant to Rule 41(b) after four months of noncompliance); *Jankowski v. Eric M. Taylor Ctr.*, No. 14-CV-7434, 2015 WL 3939186, at *3 (S.D.N.Y. June 25, 2015) (dismissing case pursuant to Rule 41(b) as a result of pro se plaintiff not communicating or complying with court orders for eight months); *see also Salem v. City of N.Y.*, No. 16-CV-7562, 2017 WL 6021646, at *2 (S.D.N.Y. Dec. 4, 2017) ("A delay of eight months to one year in prosecuting a case falls comfortably within the time frames found sufficient in successful Rule 41(b) motions to dismiss." (internal quotation marks omitted)).

Second, the Court has received no indication that its September 20, 2024, Opinion & Order was undeliverable, (*see* Op. & Order (Dkt. No. 28)), and thus assumes that Plaintiff had notice of the 30-day deadline to submit his amended complaint, *see Velazquez v. Gerbing*, No. 18-CV-8800, 2021 WL 2823565, at *2 (S.D.N.Y. July 7, 2021) (finding that without indication that the plaintiff did not receive a court order to file a second amended complaint, the court assumes the plaintiff had notice of it). Plaintiff failed to submit an amended complaint, (*see generally* Dkt.,) and the Court issued an Order on November 6, 2024 requiring Plaintiff to

file an amended complaint by November 26, 2024, (Dkt. No. 30.) Plaintiff was advised of his obligation to promptly notify the Court in the event his address changed and that failure to do so may result in dismissal of this Action. (*See* Dkt. No. 7 ("Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.").) While Plaintiff may not have received notice that further delays would result in dismissal, "[o]nly the [p]laintiff can be responsible for notifying the court and the [d]efendant of his updated address, and [p]laintiff's failure to do so has made it impossible to provide him any notice." *Robinson v. United States*, No. 03-CV-1001, 2005 WL 2234051, at *2 (S.D.N.Y. Sept. 8, 2005); *see also Lukensow v. Harley Cars of N.Y.*, 124 F.R.D. 64, 66 (S.D.N.Y. 1989) (" . . . [A]s this [c]ourt has no current address for plaintiffs, any attempt to further warn plaintiffs of their responsibilities and the consequences of their continued failure to prosecute this action would be futile."). This factor weighs heavily in favor of dismissal, especially considering that "a pro se plaintiff is not exempt from complying with court orders and must diligently prosecute his case." *Mena v. City of N.Y.*, No. 15-CV-3707, 2017 WL 6398728, at *2 (S.D.N.Y. Dec. 14, 2017) (italics omitted).

Third, the prejudice to Defendant is lessened because the case is in a relatively early stage. *See Jankowski*, 2015 WL 3939186, at *3 (noting that prejudice to defendant was "relatively modest" "because th[e] case [was] in its early stages."). However, courts in this District will presume prejudice to defendants where a plaintiff's delay is "'lengthy and inexcusable.'" *Murphy v. Rodriguez*, No. 23-CV-6998, 2025 WL 623694, at *2 (S.D.N.Y. Feb. 26, 2025) (citing *Pepe v. Kenev Inc.*, No. 23-CV-7747, 2025 WL 370964, at *2 (S.D.N.Y. Feb. 3, 2025)); *United States ex rel. Drake*, 375 F.3d at 254 (same). Further, "[p]rejudice to defendants may be presumed from the length of the delay[,]" *Lukensow*, 124 F.R.D. at 67 (citing

*In re: United Merchants and Manufacturers, Inc. v. Spare Parts,* 86 B.R. 764 (S.D.N.Y.1988)), which is substantial in this case.

Fourth, while this particular case has not congested the Court's calendar, "dismissal without prejudice is not an adjudication on the merits and balances the Court's interest in managing its docket with [Plaintiff's] interest in being heard." *Early*, 2025 WL 307138, at *1. Because Plaintiff has failed to comply with the Court's directives or otherwise communicate with the Court in any way, this factor weighs in favor of dismissal. *Murphy*, 2025 WL 623694, at *2 (citing *Pepe*, 2025 WL 370964, at *2) (finding that a pro se plaintiff's failure to comply with court directives weighed in favor of dismissal).

Fifth, the Court has "considered the possibility of a less drastic sanction than dismissal," *id.* (quoting *Kaplan v. Hezbollah*, 844 F. App'x 459, 460 (2d Cir. 2021) (summary order)), but after receiving no communication from Plaintiff "apprising the Court of his status or desire to proceed with this litigation, the Court is sufficiently persuaded that Plaintiff has abandoned this matter," *Mena*, 2017 WL 6398728, at *2. In addition, "[l]esser sanctions cannot be effective in this case because any other sanction imposed on the plaintiff would likely never reach the plaintiff due to the plaintiff's failure to provide a current address." *Ortiz v. City of N.Y.*, No. 18-CV-9990, 2021 WL 3929239, at *3 (S.D.N.Y. Sept. 1, 2021) (quoting *Salem*, 2017 WL 6021646, at *3).

For these reasons, Plaintiff's case is dismissed without prejudice for failure to prosecute. *See, e.g.*, *Christman v. Kalimulina*, No. 21-CV-7318, 2022 WL 17826119, at *2 (S.D.N.Y. Dec. 21, 2022) ("[C]ourts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a means by which he or she can be reached."), *report and recommendation adopted*, 2023 WL 4841900 (S.D.N.Y. July

27, 2023); *Batts v. Toth*, No. 16-CV-4138, 2020 WL 91516, at *2 (S.D.N.Y. Jan. 8, 2020) (dismissing case without prejudice for failure to prosecute because of pro se plaintiff's failure to communicate and notify the court of an address change); *Capogrosso v. Troyetsky*, No. 14-CV-381, 2015 WL 4393330, at *5 (S.D.N.Y. July 17, 2015) (finding that despite plaintiff providing an updated address, because plaintiff still "has not responded to efforts to contact her," the weight was in favor of dismissal for failure to prosecute).

Accordingly, it is hereby:

ORDERED that this Action be dismissed without prejudice for failure to prosecute. *See Armstrong v. Guccione*, 470 F.3d 89, 103 n.1 (2d Cir. 2006) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute") (*citing Link*, 370 U.S. at 630–32)).

The Clerk of Court is respectfully directed to close the case and mail a copy of this Order to Plaintiff's address.

SO ORDERED.

DATED:   April 8, 2025
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE